UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN MATTHEW FINNEGAN,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UBER,<br><br>　　　　　　　　　　　Defendant. | Case No.: 21cv670 DMS (RBB)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION** |

Plaintiff, a non-prisoner proceeding *pro se*, has submitted a form Complaint along with a request to proceed *in forma pauperis* ("IFP").

**A. Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

1

U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (internal quotation marks and citations omitted).

Here, Plaintiff's affidavit indicates he has no income, cash, or other assets. (ECF No. 2.) Plaintiff reports his bank has frozen his accounts. (*Id.*) This Court finds Plaintiff's affidavit of assets is sufficient to show he is unable to pay the fees or post securities required to maintain this action. *See* Civil Local Rule 3.2(a). Accordingly, the Court grants Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

**B. *Sua Sponte* Screening**

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc).

Moreover, federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). In addition to the screening procedures mandated by section 1915, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action.").

Plaintiff alleges Defendant Uber picked up Plaintiff in Washington, D.C. to drive Plaintiff to his office and the airport, but that the driver "went off course" and started driving across state lines. (ECF No. 1 at 6.) Plaintiff states the Court has diversity

jurisdiction over this action pursuant to 28 U.S.C. § 1332.[2] (*Id.* at 3.) For a federal court to exercise diversity jurisdiction, there must be "complete diversity" between the parties and the amount in controversy requirement of $75,000 must be met. *See* 28 U.S.C. § 1332(a). The party asserting diversity jurisdiction has the burden of proof. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir. 2001). Here, Plaintiff fails to establish there is diversity between the parties, as he states both he and Defendant Uber are citizens of California. (*Id.* at 3–5.) Accordingly, the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Proceed IFP is **GRANTED** and the Complaint is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

Dated: April 30, 2021

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[2] To the extent Plaintiff references 18 U.S.C. § 1201 as a basis for jurisdiction (*see* ECF No. 1 at 3), he fails to establish federal question jurisdiction because he has not shown that this federal criminal statute confers a private right of action. *See Grajeda v. Bank of Am., N.A.*, No. 12-CV-1716-IEG NLS, 2013 WL 2481548, at *2 (S.D. Cal. June 10, 2013) ("Generally, criminal statutes do not confer private rights of action, and thus any party asserting such a private right bears the burden of establishing its existence.") (citations omitted); *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1229 (9th Cir. 2008) ("If . . . [the statute] does not contain a private right of action, the district court properly dismissed the . . . claim for lack of subject matter jurisdiction[.]").